WO         IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

THOMAS MYERS,                       )
                                    )
                                    )
                  Plaintiff,         )
                                    )
    vs.                             )
                                    )
ALEUTIAN ENDEAVORS, LLC, et al.,    )
                                    )   No. 3:18-cv-0033-HRH
                  Defendants.       )
_____)

O R D E R

Motion to Compel

Plaintiff Thomas Myers moves to compel defendants Aleutian Endeavors, LLC and Thomas Robinson to answer Interrogatory No. 5.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

Background

Plaintiff alleges that he was injured while working aboard the M/V EXITO in June 2015. Plaintiff commenced this action on November 20, 2017. In his complaint, plaintiff seeks, among other things, unearned wages, maintenance, and cure. Defendants have

---

[1]Docket No. 26.

[2]Docket No. 30.

-1-

answered plaintiff's complaint and deny his allegations that he was injured abroad the M/V EXITO.[3] The parties have begun discovery and a dispute has arisen over plaintiff's Interrogatory No. 5.

In Interrogatory No. 5, plaintiff asks whether

> defendant[s] or anyone acting on [their] behalf conducted a surveillance of the plaintiff or engaged any person or firm to conduct a surveillance of the plaintiff or his[] activities? If the answer to the question is 'yes', please state the date(s) of each surveillance and the activities of the plaintiff at the time of each surveillance.[4]

Defendants responded: "OBJECTION: Work product."[5]

Plaintiff's counsel conferred with defense counsel regarding defendants' objection and during that conference, defense counsel "disclosed that no surveillance of the plaintiff had been conducted thus far" but defense counsel "refused to withdraw his work product objection and would not commit to informing plaintiff should surveillance be undertaken in the future, before or after the deposition of plaintiff[.]"[6] Defense counsel avers that plaintiff's counsel "conceded that he [would not be] entitled to production of the surveillance

---

[3]Docket No. 22.

[4]In Personam Defendants' Answers to Plaintiff's First Interrogatories at 5, Exhibit 1, Plaintiff's Motion to Compel Discovery Response Regarding Surveillance, Docket No. 26.

[5]Id.

[6]Declaration of Counsel in Support of Plaintiff's Motion to Compel [etc.] at 2, ¶ 3, Docket No. 27.

video/photos before plaintiff's deposition but insisted . . . that he was 'entitled to know' about the existence of surveillance both before and after plaintiff's deposition."[7]

Plaintiff now moves for an order compelling defendants to "withdraw their work product objection and answer plaintiff's Interrogatory No. 5 concerning surveillance."[8]

Discussion

The issue here is the discoverability of whether surveillance has been done or will be done in the future, not the discoverability of surveillance materials themselves. Defendants first argue that because plaintiff now knows that no surveillance has been conducted, anything the court would determine about the discoverability of the existence of surveillance would be an advisory opinion, which the court may not render. Maldonado v. Morales, 556 F.3d 1037, 1044 (9th Cir. 2009).

That defendants have informally responded to Interrogatory No. 5 does not mean that plaintiff is requesting an advisory opinion. Rule 33(b)(3), Federal Rules of Civil Procedure, provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." If defendants' work product is not a proper objection or if defendants intend to waive their work product privilege as to the existence of surveillance, plaintiff is entitled to a written answer as provided for in Rule 33(b)(3). There

---

[7]Declaration of Thomas G. Waller [etc.] at 1-2, ¶ 3, Docket No. 31.

[8]Plaintiff's Motion to Compel Discovery Response Regarding Surveillance at 2, Docket No. 26.

is an actual, present controversy here as to how defendants should respond to Interrogatory No. 5.

As to the question of whether the existence of surveillance is discoverable, defendants urge the court to find that it is not because it is work product. Defendants cite to <u>Ranft v. Lyons</u>, 471 N.W.2d 254 (Wis. Ct. App. 1991), in support. There, the court held that "[a] lawyer's strategic decision to invest a client's resources on photographic or video surveillance is protected work-product." <u>Id.</u> at 261. Defendants also cite to <u>Snead v. American Export-Isbrandtsen Lines, Inc.</u>, 59 F.R.D. 148 (E.D. Pa. 1973). There, the court held that before making any disclosures as to the existence of surveillance, "the defense must be given an opportunity to depose the plaintiff fully as to his injuries, their effects, and his present disabilities." <u>Id.</u> at 151.

The court is not persuaded by these authorities. The court finds the holding and reasoning of <u>Dodson v. Persell</u>, 390 So.2d 704 (Fla. 1980), to be more persuasive. There, the Florida Supreme Court held "that upon request a party must reveal the existence of any surveillance information he possesses whether or not it is intended to be presented at trial." <u>Id.</u> at 707. The court explained that

> [w]hat we require is that a party must disclose the existence of material which is or may be relevant to the issues in the cause whether as substantive, corroborative, or impeachment evidence. Relevant evidence cannot be allowed to remain hidden in a party's or an attorney's files. Knowledge of its existence is necessary before a judicial determination can be made as to whether the contents are privileged.

Id. Other courts have also "held that although surveillance material is protected work product, whether [a d]efendant conducted surveillance and the dates on which any surveillance took place [are] not privileged. . . ." Fletcher v. Union Pacific R.R. Co., 194 F.R.D. 666, 668 (S.D. Cal. 2000); see also, Tripp v. Severe, Case No. CIV.A.L–99–1478, 2000 WL 708807, at *1 (D. Md. Feb, 8, 2000) (defendant required "to disclose the existence of the surveillance materials" but not required to produce surveillance materials until "after plaintiff's deposition has been taken"). Based on these authorities, the court concludes that the existence of surveillance is not protected work product.

Defendants also argue that the existence of surveillance should not be discoverable because it is not relevant. "[P]arties may obtain discovery of any information that is 'relevant to any party's claim or defense and proportional to the needs of the case [.]'" Tedrow v. Boeing Employees Credit Union, 315 F.R.D. 358, 359 (W.D. Wash. 2016) (quoting Fed. R. Civ. P. 26(b)(1)). "'Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence.'" Id. (quoting Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005)). Some courts have found that the discoverability of surveillance materials depends on whether the defendant will use the materials at trial. See, e.g., Bradley v. Wal-Mart Stores, Inc., 196 F.R.D. 557, 557 (E.D. Mo. 2000). Defendants argue that if surveillance materials are not themselves discoverable unless they are going to be used at trial, then information about the

existence of such materials would not lead to the discovery of admissible evidence and thus it is not relevant.

But, defendants' argument cuts the other way as well. If surveillance materials are going to be used by a defendant at trial, then information about the existence of such materials could lead to the discovery of admissible evidence. At this point, the court is not convinced that, in this case, information about the existence of surveillance is irrelevant.

Defendants' work product objection to Interrogatory No. 5 was not proper, and the existence of surveillance may be relevant to the claims and defenses in this case. Thus, defendants are compelled to provide an answer to Interrogatory No. 5 that complies with Rule 33(b)(3).

The foregoing does not, however, resolve the issue of whether plaintiff is entitled to be informed of any future surveillance. As even plaintiff seems to concede,[9] the decision to conduct surveillance is not the same as the fact of surveillance. The former is plainly work product. Plaintiff is not entitled to be informed prior to defendants conducting any surveillance in the future.

## Conclusion

Plaintiff's motion to compel is granted in part and denied in part. Defendants' work product objection is overruled. Defendants shall answer Interrogatory No. 5 in a form that

---

[9] Reply Memorandum in Support of Plaintiff's Motion to Compel [etc.] at 2, Docket No. 34.

complies with Rule 33(b)(3). Defendants do not, however, have to inform plaintiff should they decide to conduct surveillance in the future.

DATED at Anchorage, Alaska, this 4th day of June, 2018.

/s/ H. Russel Holland
United States District Judge