**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

THOMAS MYERS,                )
                             )
                  Plaintiff, )
                             )
   vs.                       )
                             )
ALEUTIAN ENDEAVORS, LLC, et al., )   No. 3:18-CV-0033-HRH
                             )
                 Defendants. )
_____)

O R D E R

<u>Motion for Clarification and for Sanctions[1]</u>

Without reference to any applicable federal or local rule, plaintiff moves for clarification of the court's order of June 4, 2018,[2] and for the imposition of sanctions against defense counsel for allegedly misleading the court. The motion is opposed. Oral argument has not been requested and is not deemed necessary.

Plaintiff moved to compel defendants to answer Interrogatory No. 5.[3] By Interrogatory No. 5, plaintiff sought to discover whether or not defendants had conducted any surveillance of plaintiff or his activities. In responding to this interrogatory, defendants objected that any response would be subject to the work product privilege. In

---

[1]Docket No. 36.

[2]Docket No. 35.

[3]Docket No. 26.

Order – Motion for Clarification and for Sanctions                              - 1 -

their response, and although doing so was not germane to the work product issue before the court, defense counsel represented to the court that "[t]o date, no surveillance photos or videos have been taken of plaintiff[,]"[4] and that "[h]ere, there is no reason to determine whether the content of any surveillance is privileged because no surveillance currently exists."[5] As explained in the court's order of June 4, 2018,[6] the court concluded that the fact of whether surveillance had been undertaken was not privileged work product. Defendants were ordered to answer Interrogatory No. 5 which, in due course, they did, advising that:

> Yes. Surveillance of Myers was conducted on Thursday, December 15, 2016. Myers was observed leaving his home in the morning and driving towards the Port of Port Townsend, Washington. No photos or videos were taken of Myers. Additional surveillance was conducted on 12/19/2016 and 12/21/2016 but no observations of Myers were made.[7]

In its order of June 4, 2018, the court also ruled that "[p]laintiff is not entitled to be informed prior to defendants conducting any surveillance in the future.[8] It is the latter provision which plaintiff seeks to have "clarified." In opposing clarification, defendants state that: "the Court made it equally clear that defendants must supplement their answer to Interrogatory No. 5 should additional surveillance be undertaken."[9] While the court

---

[4]Defendants' Response to Plaintiff's Motion to Compel at 1, Docket No. 30.

[5]Id. at 6.

[6]Docket No. 35.

[7]Motion for Clarification and for Sanctions at 6-7, Docket No. 36.

[8]Order on Motion to Compel at 6, Docket No. 35.

[9]Defendants' Response to Plaintiff's Motion for Clarification and for Sanctions at 3, Docket No. 37.

deems its above-quoted ruling to be clear and unambiguous, defendants' response to the request for clarification in fact addresses a related matter which the court's June 4, 2018, order did not address. At this point, it is clear that defendants have read into the June 4 order a requirement that they must supplement their answer to Interrogatory No. 5 in the event that additional surveillance is undertaken. That is a fair extension of the court's June 4 order and, in his reply, plaintiff accepts that extension of the order. Thus, no clarification of the court's June 4 order is needed.

Plaintiff would have the court impose sanctions upon defense counsel in the amount of $1,000 based upon plaintiff's contention that defense counsel deliberately misled the court and plaintiff in defendants' response by which they opposed plaintiff's motion to compel an answer to Interrogatory No. 5. In opposing plaintiff's motion for sanctions, defendants' counsel characterized plaintiff's motion as "insufferable" and states that plaintiff "does not know"[10] whether he is making a Federal Rule 11 or a Federal Rule 37(a) motion. Defense counsel's tone is inappropriate. However, plaintiff has failed to tell the court which federal rule he relies upon. But defense counsel could hardly have been misled as to the fact that Federal Rule 11(b) addresses the subject of representations made by attorneys in the course of litigation.[11] Defendants' further argument – that plaintiff's motion for sanctions is procedurally improper – is well taken. Federal Rule 11(c)(2) provides that a motion for sanctions may not be filed or presented

---

[10]Id. at 3.

[11]In a late-filed reply, plaintiff argues that his motion for sanctions is based upon the court's "inherent power to impose sanctions." Reply Memorandum in Support of Motion for Clarification and for Sanctions at 2, Docket No. 38. Plaintiff's motion contains no such express reliance upon the court's inherent powers, and the court declines to consider such a motion for sanctions when Rule 11, Federal Rules of Civil Procedure, expressly addresses sanctions and the procedure for pursuing the imposition of sanctions for misconduct.

to the court if the matter challenged by the motion for sanctions is withdrawn or appropriately corrected within 21 days. Here, plaintiff's motion for sanctions was dated and filed June 18, 2018. Plaintiff's certification of service certifies that the motion was electronically filed and therefore served <u>via</u> the court's CM/ECF system on the same 18th day of June, 2018. For failure to comply with Rule 11(c)(2), plaintiff's motion for sanctions is denied.

In the light of what follows, the court will not entertain a motion for attorney fees in connection with this motion.

As set out above, defense counsel's response to plaintiff's motion to compel discovery expressly represented that "no surveillance currently exists."[12] Quite apart from the fact that counsel for plaintiff believes that he was misled by defense counsel, the court's discussion in its order of June 4, 2018, of the matter of whether or not there had been any surveillance, shows that the court believed that defense counsel had represented that there had been no surveillance.[13] We now know that there had in fact been some surveillance.

Defense counsel concludes his opposition to plaintiff's motion for sanctions with the argument that he "had a good faith basis for making [defendants'] work product objection."[14] There has never been, and the instant motion for sanctions does not suggest, that defendants' <u>work product</u> objection was made in bad faith. Defense counsel fails to address the merits of plaintiff's contention that both he and the court were misled by

---

[12] Defendants' Response to Plaintiff's Motion to Compel at 6, Docket No. 30.

[13] Order on Motion to Compel at 3, Docket No. 35.

[14] Opposition to Motion for Sanctions at 5, Docket No. 37.

Order – Motion for Clarification and for Sanctions - 4 -

defense counsel's statements (as to a matter collateral to the work product issue) that no surveillance had taken place.

It is the court's view that this matter is not worth pursuing. However, if plaintiff elects to pursue the matter, the court will entertain plaintiff's properly filed motion for Rule 11 sanctions based upon Rule 11(b), Federal Rules of Civil Procedure, and Rule 3.3(a)(3), Alaska Rules of Professional Conduct.

DATED at Anchorage, Arizona, this  11th  day of July, 2018.

/s/ H. Russel Holland
United States District Judge